SOCIAL MANUFACTURING CO.

*vs.*

NEW YORK, PROVIDENCE & BOSTON

RAILROAD COMPANY.

Demurrers, &c., No. 96.

CONTRACT : PERFORMANCE OF CONDITIONS BY PLAINTIFF ; REASONABLE TIME FOR PERFORMANCE BY DEFENDANT. .

RESCRIPT.

*Filed March 21, 1896.*

The contract between the parties relating to the construction of the branch road imposed upon the plaintiff, amongst other things, the duty of getting permission to operate the grade

crossings at Clinton and Social streets. ' Chapter 834 of the Public Laws, passed May 2, 1890, forbade the construction of crossings at grade without the consent in writing of the Railroad Commissioner, substituting the Commissioner for the Town Council, as provided in Chapter 158, Sec. 35. of the Public Statutes. It does not appear that the consent of the Commissioner had been obtained at the time when the fire occurred. We think this non-compliance by the plaintiff with the terms of the agreement is a fatal defect in its case.

But if the consent had in fact been obtained, a fair construction of the contract gave the defendant a reasonable time, after all its terms had been satisfied on the part of the plaintiff, to arrange the business and service of the railroad so as to operate this new part of the line safely and in harmony with the rest of the system. We do not think the contract required the railroad company to operate this track instantly upon its completion. Supposing that the road was done and the contribution of the plaintiff paid upon June 1, 1891, we think a reasonable time to prepare for using this track had not expired on June 7, when the loss occurred. If this be so, the liability of the defendant under the terms of the bill of lading was only that of a warehouseman ; and as it is not contended that the fire itself was caused by the defendant's act or neglect, the defendant is not liable.

Judgment must be for the defendant.

*Comstock & Gardner*, for plaintiff.

*Dexter B. Potter*, for defendant.